DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

```
                              )
                              )
SKIF CORPORATION              )
                              )
              Plaintiff,      )
                              )
        v.                    )
                              )    Civil No. 2007-152
                              )
GOVERNMENT OF THE VIRGIN      )
ISLANDS, COMMISSIONER of the  )
DEPARTMENT OF PROPERTY &      )
PROCUREMENT LYNN MILLIN, and  )
the DEPARTMENT OF PROPERTY &  )
PROCUREMENT                   )
                              )
              Defendants.     )
_____)
```

ATTORNEYS:

A. Jeffrey Weiss, Esq.
Alex Moskowitz, Esq.
St. Thomas, U.S.V.I.
     For the plaintiff.

George Hedley Phillips, Esq.
Tamika Archer, Esq.
St. Thomas, U.S.V.I.
     For the defendants

MEMORANDUM OPINION

GÓMEZ, C.J.

Before the Court is the motion of the Government of the Virgin Islands ("the Government") to dismiss this matter. Skif Corporation ("Skif") opposes the motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Skif leased property described as parcel No. 41, Submarine Base, St. Thomas, United States Virgin Islands ("the premises") from the Government. The lease, which commenced on January 1, 1988, had a 15 year term. The lease also provided Skif with three options to renew, for five years each. Skif could renew if it provided the Government 90 days written notice of its intent to do so before the end of the initial term or any of the renewal terms. Renewal was only available if Skif was free of default.

Skif sublet portions of the premises to a number of businesses. Skif neither sought nor received written approval to sublet any portion of the premises.

In 2003, the Virgin Islands Legislature passed legislation which later became Act No. 6634 ("Act 6634"). Act 6634 which requires all leases and subleases of government real estate to contain a provision that the Government shall receive 35% of the rental fee under any sublease.[1] Skif has not made any arrangements to pay the Government any portion of sublease rents it receives.

On or about March 27, 2007, Skif advised the Government that it was exercising two, five-year options to renew the lease. The

---

[1] Act 6634 provides, in relevant part: "No lease or sublease of government real estate may be approved, unless the lease and the sublease provide for the payment to the Government of a sum equivalent to 35% of the rental fee under the sublease." Legis. B. 25-0030, 25 Legis., Reg. Sess. (V.I. 2003), Act No. 6634 § 15(2).

Government contests the validity of Skif's attempt to renew the
lease.  The Government argues that Skif could not renew because
it was in violation of the lease terms.  Specifically, the
Government asserts that Skif does not pay the Government 35% of
the sublease rents it receives.

On August 17, 2007, Lynn Millin ("Millin"), the Commissioner
of the Department of Property and Procurement, mailed a notice to
cure to Skif.  On December 19, 2007, Maduro sent a notice to
terminate the lease.  Skif did not vacate the premises.  Rather,
On December 20, 2007, Skif filed this action.

In its complaint Skif alleges that the Government breached
the lease, and violated both Skif's constitutional rights and its
rights under the Revised Organic Act of 1954, 48 U.S.C. § 1561 et
seq.  Skif claims that Act 6634 is an *ex post facto* law which
impairs the Government's contract with Skif, in violation of
Article I, Section 10 of the Constitution (the "Contract
Clause").

In Count one, Skif seeks a declaration that Act 6634 is
unconstitutional as applied to Skif.  In count two, Skif alleges
that several of the Government's actions in this controversy have
violated the covenant of good faith and fair dealing.  In Count
three Skif asserts a claim for breach of contract.

On February 20, 2008, the Government brought an action for

debt and eviction against Skif in the Superior Court of the

Virgin Islands (the "debt action").[2]  That action alleges that

Skif violated the lease and did not comply with Act 6634.   The

Government also claims that Skif owes it rent amounting to

$75,777.15.

The Government now moves to dismiss this action.   The

Government argues that Skif has not raised a genuine federal

issue.[3]  The Government also argues that this Court should

abstain from exercising jurisdiction.   Skif opposes the motion.

## II. DISCUSSION

### A. Rule 12(b)(1)

A federal court has original jurisdiction to hear "only

those cases in which a well-pleaded complaint establishes either

that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of

a substantial question of federal law."  *Fuerzeig v. Innovative*

*Communication Corp.*, 174 F. Supp. 2d 349, 352 (D.V.I. 2001)

(citing *Franchise Tax Bd. Of State of Cal. v. Construction*

*Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

---

[2] That debt action, docketed at 2008-42, was consolidated with this action by order of this Court.  The Court has since vacated its consolidation order, and remanded the debt action to the Superior Court.

[3] Although the Government has not cited the applicable Federal Rule of Civil Procedure, its motion claims this Court does not have subject matter jurisdiction, and as such is a Rule 12(b)(1) motion.

There are two types of 12(b)(1) motions, (1) those that attack the complaint on its face, and (2) those that "attack the existence of subject matter jurisdiction in fact, quite apart from any pleading." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The allegations in the complaint are taken as true in a facial attack. *Mortensen*, 549 F.2d at 891. A facial attack on jurisdiction is directed at the sufficiency of the pleading as a basis for subject matter jurisdiction. *Turicentro, S.A. v. American Airlines,* Inc., 303 F.3d 293, 300 n. 4 (3d Cir. 2002)(citing *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 n. 7 (3d Cir. 2001)). When there is a facial attack, the court only considers the allegations of the complaint and documents referenced in and attached to the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

"The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *Mortensen*, 549 F.2d at 891. In a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Id.*

The Court may dismiss a claim under Rule 12(b)(1) only where
it "clearly appears to be immaterial and made solely for the
purpose of obtaining jurisdiction or . . . is wholly
insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682
(1946); *see also, Oneida Indian Nation v. County of Oneida*, 414
U.S. 661, 666 (1974) (the federal claim must be "so
insubstantial, implausible, foreclosed by prior decisions of this
Court, or otherwise completely devoid of merit as not to involve
a federal controversy"). "The threshold to withstand a motion to
dismiss under [Rule] 12(b)(1) is . . . lower than that required
to withstand a Rule 12(b)(6) motion." *Lunderstadt v. Colafella*,
885 F.2d 66, 70 (3d Cir. 1989).

## B. Abstention

When a federal court has subject matter jurisdiction over a
matter, there are certain narrowly defined circumstances in which
it should decline to exercise its jurisdiction.

> The doctrine of abstention, under which a District
> Court may decline to exercise or postpone the exercise
> of its jurisdiction, is an extraordinary and narrow
> exception to the duty of a District Court to adjudicate
> a controversy properly before it. Abdication of the
> obligation to decide cases can be justified under this
> doctrine only in the exceptional circumstances where
> the order to the parties to repair to the state court
> would clearly serve an important countervailing
> interest.

*County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189

(1959). "[I]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Alabama Pub. Serv. Comm'n. v. Southern R. Co.*, 341 U.S. 341, 361 (1951) (Frankfurter, J., concurring in result). This is so because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Indeed, federal courts generally disfavor abstention. *IFC Interconsult, AG v. Safeguard Intern. Partners, LLC.*, 438 F.3d 298, 307 (3d Cir. 2006).

"The threshold requirement for a district court to even entertain abstention is a contemporaneous parallel judicial proceeding. For judicial proceedings to be parallel, there must be identities of parties, claims, and time." *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006).

"Before determining that dismissal is warranted because of exceptional circumstances there must be a careful balancing of the applicable factors, with the scale weighted in favor of jurisdiction, . . . and with the burden of persuasion resting on the party opposing the exercise of federal jurisdiction." *Arkwright-Boston Mfrs. Mut. Ins. Co. v. New York*, 762 F.2d 205,

210 (2d Cir. 1985) (citing *Moses H. Cone Memorial Hosp. v.*

*Mercury Construction Corp.*, 460 U.S. 1, 16 (1983)).

The circumstances in which abstention is appropriate, "are

loosely gathered under discrete concepts of abstention named

after leading Supreme Court Cases." *Hi Tech Trans, LLC v. New*

*Jersey*, 382 F.3d 295, 303 (3d Cir. 2004) (citation omitted).

> viz., "Pullman" (*Railroad Comm'n of Texas v. Pullman*,
> 312 U.S. 496, 85 L. Ed. 971, 61 S. Ct. 643 (1941));
> "Burford" (*Burford v. Sun Oil Co.*, 319 U.S. 315, 87 L.
> Ed. 1424, 63 S. Ct. 1098 (1943)); "Younger" (*Younger v.*
> *Harris*, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746
> (1971)); and "Colorado River" (*Colorado River Water*
> *Conservation District v. United States*, 424 U.S. 800,
> 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976)).

*Hi Tech*, 382 F.3d at 303.

First, "[a]bstention may be appropriate in cases presenting

a federal constitutional issue which might be mooted or presented

in a different posture by a state court determination of

pertinent state law." *Colorado River*, 424 U.S. at 814. (quotation

and citations omitted). This ground for abstention is

articulated in *Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496

(1941).

Second, "[a]bstention is also appropriate where there have

been presented difficult questions of state law bearing on policy

problems of substantial public import whose importance transcends

the result in the case then at bar." *Colorado River*, 424 U.S. at

814. This ground for abstention is articulated in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

Third, "abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Colorado River*, 424 U.S. at 815 (citations omitted). This line of cases follows *Younger v. Harris*, 401 U.S. 37 (1971).

Fourth, a federal court may abstain from exercising its jurisdiction when there is a parallel and concurrent proceeding in another court, coupled with particular grounds that make concurrent adjudication inappropriate. *Colorado River*, 424 U.S. at 819-20.

## III. ANALYSIS

### A. Subject Matter Jurisdiction

The Government's 12(b)(1) motion presents a facial attack because it concedes many of the facts in the complaint and challenges the sufficiency of the pleading as a basis for subject matter jurisdiction. Therefore, the allegations raised in the complaint must be taken as true, and the court will only consider the allegations in the complaint. *See Turicentro*, 303 F.3d at 300 n. 4 (noting that "[f]acial attacks, like this one, contest the sufficiency of the pleadings, and the trial court must accept

the complaint's allegations as true"); *see also Mortensen*, 549

F.2d at 891 (noting that in a facial attack, the court must

consider the allegations of the complaint as true).

"The most straightforward test of whether an action presents

a federal question is to determine the law from which the cause

of action arises, federal or otherwise." *Club Comanche, Inc. v.*

*Government of Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002).

Skif claims that the Government's attempt to apply Act 6634

to it violates the Contract Clause of the U.S. Constitution.[4]  A

Contract Clause violation may occur when a change in law

substantially impairs a contractual relationship. *See General*

*Motors Corp. v. Romein*, 503 U.S. 181, 186-87 (1992).  There are

three elements to a Contract Clause Violation: (1) a contractual

---

[4] Skif also claims that Act 6634 is an *ex post facto* law.  The Court's
determination that Skif has sufficiently pleaded one federal cause of action
makes it unnecessary to determine whether each claim is pled sufficiently.
   Skif further claims the Government has breached the covenant of good
faith and fair dealing and has breached the parties' contract.  Of course, if
this Court has subject matter jurisdiction over some of Skif's claims, it may
exercise supplemental jurisdiction over the remaining claims, so long as they
are part of the same case or controversy. *See* 28 U.S.C. § 1367(a) ("in any
civil action of which the district courts have original jurisdiction, the
district courts shall have supplemental jurisdiction over all other claims
that are so related to claims in the action within such original jurisdiction
that they form part of the same case or controversy under Article III of the
United States Constitution").  As such, the Court may exercise supplemental
jurisdiction so long as (1) the federal claims confer subject matter
jurisdiction, (2) the state law claims derive from a common nucleus of
operative facts with the federal claims, and (3) the plaintiff's claims are
such that it would normally be expected to try all claims in one proceeding.
*See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 276 (3d Cir. 2001).
The Government does not argue that this Court should decline to exercise
supplemental jurisdiction.  Rather, it argues that Skif's claim for
declaratory and injunctive relief is insufficient to invoke federal
jurisdiction.

relationship exists, (2) a change in the law impairs that
contractual relationship, and (3) the impairment is substantial.
*See id*.

Here, Skif's complaint alleges that it entered into a lease
with the Government in 1988. Skif alleges the lease expires on
December 31, 2017. Skif claims that the lease contemplates it's
subleasing of portions of the property, and does not require Skif
to pay anything to the Government as a result of those sublets.

Skif alleges that Act 6634, which the Government has
attempted to enforce against it by demanding percentages of
Skif's sublease rents, impairs the parties' contractual
relationship. Finally, Skif alleges that the Government's
attempts to collect sublease rents, pursuant to Act 6634, is a
substantial impairment of that contractual relationship.

Skif seeks a declaration that the Government's acts violate
the Constitution as well as the Revised Organic Act of 1954.

It is beyond peradventure that a plaintiff challenging a
state law on the grounds that it violates the United States
Constitution and a federal statute has raised a federal question.
*See, e.g.*, *MedImmune Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)
(noting that a claim challenging the constitutionality of a law
the government has threatened to enforce confers subject matter
jurisdiction under the Declaratory Judgment Act). *Cf. Bell*, 327

U.S. at 681-682 ("where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit"). Further, Skif has sufficiently pled the elements of a Contract Clause violation. The Court has subject matter jurisdiction over Skif's action.

## B. Abstention

The Government argues that this Court should abstain from exercising jurisdiction over Skif's federal action because the Government has filed an action arising from the same facts in the Superior Court.[5] Skif argues that none of the abstention doctrines apply to this case.

### 1. *Pullman* abstention

Under the abstention doctrine articulated in *Pullman*:

> Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. . . . The doctrine, however, contemplates that deference to state court adjudication only be made where the issue of state law is uncertain.

*Harman v. Forssenius* 380 U.S. 528, 534 (1965) (citations

---

[5] The Government also seeks remand of this matter. Since this action was originally filed in this Court, the Court will not contemplate this request.

omitted). "Pullman abstention 'is appropriate where an

unconstrued state statute is susceptible of a construction by the

state judiciary which might avoid in whole or in part the

necessity for federal constitutional adjudication, or at least

materially change the nature of the problem.'" *Phila. City

Council v. Schweiker,* 40 Fed. Appx. 672, 675 (3d Cir. 2002)

(unpublished) (quoting *Bellotti v. Baird*, 428 U.S. 132, 147

(1976)). There are dual rationales behind *Pullman* abstention:

(1) avoiding premature federal court constitutional adjudication,

which could ultimately be displaced due to state court

construction of the law, and (2) preventing avoidable

interference with state policies. *Schweiker*, 40 Fed. Appx. at

675.

The United State Court of Appeals for the Third Circuit has

articulated the analytical steps to determining whether *Pullman*

abstention applies:

> The first step in the Pullman analysis is determining
> whether three "special circumstances" exist:
> (1) There are uncertain issues of state law underlying
> the federal constitutional claims brought in federal
> court;
> (2) The state law issues are amenable to a state court
> interpretation that would obviate the need for, or
> substantially narrow, the scope of adjudication of the
> constitutional claims; and
> (3) A federal court's erroneous construction of state
> law would be disruptive of important state policies.
> . . . If all three of these circumstances are present,
> the district court must then exercise its discretion as

> whether abstention is appropriate "by weighing such
> factors as the availability of an adequate state
> remedy, the length of time the litigation has been
> pending, and the impact of delay on the litigants."

*Schweiker,* 40 Fed. Appx. at 675-76 (citing *Chez Sez III Corp. v.*

*Township of Union*, 945 F.2d 628, 631 (3d Cir. 1991); *Planned*

*Parenthood of Central New Jersey v. Farmer*, 220 F.3d 127, 150 (3d

Cir. 2000)).

The Court has done an exhaustive search, and has found that

no court has yet considered Act 6634.  As such, it is an

unconstrued state statute.  However, in this case, the state law

at issue is unambiguous.  Act 6634 provides that, "[n]o lease or

sublease of government real estate may be approved, unless the

lease and the sublease provide for the payment to the Government

of a sum equivalent to 35% of the rental fee under the sublease."

Legis. B. 25-0030, 25 Legis., Reg. Sess. (V.I. 2003), Act No.

6634 § 15(2).  The Government will not approve any lease or

sublease if it is not going to receive 35% of the rent due under

the sublease.  The Government does not argues that there is an

"uncertain issue" of state law with regard to that language, and

this Court also cannot identify an uncertain issue in Act 6634.

*Cf. Schweiker*, 40 Fed. Appx. at 676 & n. 2 (applying *Pullman*

criteria to determine if abstention by district court was proper,

and finding a sufficient number of state law issues were unclear

to meet the first *Pullman* prong).

Further, this is not a facial challenge to Act 6634. Skif does not argue that all applications of the Act would be constitutionally infirm. Rather, Skif argues that the Act's application against Skif is a constitutional violation.

As such, the Government has failed to show that this matter meets the first requirement for *Pullman* abstention, an uncertain state law in need of interpretation that might avoid the constitutional question. *Pullman* abstention is therefore inappropriate.

## 2. *Burford* Abstention

*Burford* abstention is appropriate in cases in which the state or territory has established a particularized regulatory process in a complex area of law. Discussing the reason for *Buford* abstention, the United States Supreme Court has explained that, "review of reasonableness by the federal courts in that and future cases, where the State had established its own elaborate review system for dealing with the geological complexities of oil and gas fields, would have had an impermissibly disruptive effect on state policy for the management of those fields." *Colorado River,* 424 U.S. at 815.

The types of regulatory schemes that courts have found may be upset by federal adjudication include the use of eminent

domain and insurance regulation. *See, e.g.*, *Chiropractic America v. Laveccia*, 180 F.3d 99 (3d Cir. 1999) (affirming district court's abstention from case challenging regulations promulgated under state auto-insurance law); *Westrum Land Development Corp. v. Whitpain Tp.*, No. 01-5535, 2002 WL 32351106, at *2 (E.D.Pa. 2002) ("the Third Circuit has recognized that the application of eminent domain procedures is one of the traditional areas where *Burford* abstention is proper") (citation omitted); *Ballas v. City Of Reading*, No. 00-2943, 2001 WL 73737, at *12 (E.D. Pa. 2001) (noting *Burford* abstention was inappropriate and citing a number abstention cases involving insurance regulation).

In *Chiropractic America v. Laveccia*, 180 F.3d 99 (3d Cir. 1999), the Third Circuit Court of Appeals articulated the analytical steps a district court must take in assessing whether *Burford* abstention is appropriate. In that case, individual chiropractors and other professional organizations challenged on constitutional grounds several New Jersey regulations under the state's no-fault insurance law. The district court dismissed the complaint on the basis of *Burford* abstention. The Third Circuit stated that a district court must decide first if there is available timely and adequate state law review. *Id* at 104 (citing *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989)). If that kind of review is

available, the Court must look to:

> (1) whether the particular regulatory scheme involves a matter of substantial public concern; (2) whether it is the sort of complex technical regulatory scheme to which the *Burford* abstention doctrine usually is applied . . . and (3) whether federal review of a party's claims would interfere with the state's efforts to establish and maintain a coherent regulatory policy.

*Id* at 105. (citations omitted).

The court found that timely state court review was available in the Superior Court of New Jersey, which had jurisdiction to review rules promulgated by state agencies.

The court also found that the second prong, involving three questions, was applicable in that case. It reasoned that a state's effort to curtail insurance premiums was a matter of substantial public concern. The court also explained that the regulations were part of a complex regulatory scheme involving highly technical, interconnected provisions, flow charts of reimbursable medical care steps, and a dispute resolution mechanism. Finally, the Court found that "review by this court, or any federal court, at this time would interfere significantly with New Jersey's efforts to establish and maintain a coherent automobile insurance regulatory policy." *Id*. at 106.

In the instant case, neither party addresses whether there is available timely and adequate state law review. The Court notes that the debt and eviction action in the Superior Court

will provide timely review.

With regard to the second prong articulated in *Chiropractic America*, there has been no suggestion that the Virgin Islands has a particularized regulatory system to adjudicate landlord tenant matters, of which Act 6634 is a part.  The Government has also not suggested that this action involves any regulatory scheme to which *Burford* abstention is usually applied.  The Government does not even argue that this Court's review of Skif's claims would interfere with its effort to maintain any regulatory scheme.  The Government has failed to meet its burden of persuasion for *Burford* abstention.

### 3. *Younger* abstention

*Younger* abstention is appropriate where federal jurisdiction is invoked for the purpose of restraining state proceedings. *Colorado River*, 424 U.S. at 816 (discussing *Younger*).

> The Court has set out a three-part test for determining whether *Younger* abstention is appropriate: "abstention is appropriate when: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges."

*Hi Tech*, 382 F.3d at 305 (quoting *Zahl v. Harper*, 282 F.3d 204, 208 (3d Cir. 2002)).

Here, Skif filed this action before the Government filed the debt action in the Superior Court.  As such, there was no

Superior Court proceeding pending at the time Skif filed its

case. A prerequisite to federal abstention is the existence of a

state court action. *See, e.g.*, *IFC Interconsult*, 438 F.3d at 306

(upholding trial court's refusal to abstain where "there was no

action pending in the Court of Common Pleas when IFC moved the

District Court to confirm the arbitration award").

Because federal jurisdiction was not invoked to restrain a

then-existing territorial proceeding, interests of comity and

respect for territorial function do not militate in favor of

abstention. Accordingly, *Younger* abstention is inappropriate.

### 4. *Colorado River* abstention

*Colorado River* commands that, in a limited set of

circumstances, it may be appropriate for a court to dismiss an

action pending before it, if there is a parallel matter pending

in another court. *Colorado River*, 424 U.S. at 819-20. As noted

above, there was no parallel matter pending when this action was

filed. Further,

> [t]he rule is well recognized that the pendency of an
> action in the state court is no bar to proceedings
> concerning the same matter in the Federal court having
> jurisdiction, for both the state and Federal courts
> have certain concurrent jurisdiction over such
> controversies . . . Federal jurisdiction may be
> invoked, and the cause carried to judgment,
> notwithstanding a state court may also have taken
> jurisdiction of the same case.

*McClellan v. Carland,* 217 U.S. 268, 282 (1910).

"The threshold requirement for a district court to even
entertain [*Colorado River*] abstention is a contemporaneous
parallel judicial proceeding.  For judicial proceedings to be
parallel, there must be identities of parties, claims, and time."
*IFC Interconsult*, 438 F.3d at 306.  This action, raising as it
does the constitutionality of Act 6634's application to Skif,
does not have an identity of claims with the Government's debt
action now pending in the Superior Court.

Further, in *Colorado River*, the Court abstained on the basis
of a particular set of circumstances including, first, a
legislative intent to avoid piecemeal litigation concerning
thousands of litigants' water rights, and second, the fact that
the proceedings in the district court had been minimal.  424 U.S.
at 820.  Here, the Government has not argued that this Court's
adjudication of this case will contribute to piecemeal litigation
of some larger issue.  The burden of persuasion was on the
Government to show that the exceptional -- *Colorado River*
abstention -- was appropriate in this case. *Arkwright-Boston*, 762
F.2d at 210 ("the burden of persuasion rest[s] on the party
opposing the exercise of federal jurisdiction").  The Government
has failed to meet that burden.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the

Government's motion to dismiss this action.  An appropriate order

accompanies this memorandum opinion.

S_____
          **Curtis V. Gómez**
          **Chief Judge**